Case No. 21-cv-06558-EJD

Bankruptcy Case No. 13-31914, Chapter 11
Adv. No. 20-03026

_____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION
_____

MARVIE DARDEN, et al.
Appellants, Plaintiffs and Counterclaim Defendants

vs.

WESTERN ASBESTOS SETTLEMENT TRUST, et al.
Appellees, Defendant and Counterclaim Plaintiffs

Appeal from August 5, 2021 and September 13 2021 Memoranda of Decision
and September 13, 2021 Final Judgment of the
United States Bankruptcy Court, Northern California
_____

# APPELLANTS' OPENING BRIEF
_____

Steven Kazan, Esq. (C.S.B. No. 46855)          skazan@kazanlaw.com
Michael Stewart (C.S.B. No, 253851)            mstewart@kazanlaw.com
Petra DeJesus, Esq. (C.S.B. No. 107470)        pdejesus@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone:  (510) 302-1000
Facsimile:   (510) 835-4913

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

**APPELLANTS:**
Marvie Darden, individually and
successor in interest to Eddie Darden
Christopher Darden
Debora Darden
Lawrence Darden
Rosalind Darden Keeton
Anita Gardyne
Angela Newsome

**Represented by:**
Steven Kazan (C.S.B. No. 46855)
skazan@kazanlaw.com
Michael Stewart (C.S.B. No. 253851)
mstewart@kazanlaw.com
Petra DeJesus (C.S.B. No. 107470)
pdejesus@kazanlaw.com
Kazan McClain Satterley & Greenwood
A Professional Law Corporation
55 Harrison Street, Suite 400
Oakland, CA  94607
Telephone:  (510) 302-1000
Facsimile:  (510) 835-4913

**APPELLEES:**
Western Asbestos Settlement Trust
Sandra R. Hernandez, Trustee of Western Asbestos Settlement Trust
John F. Luikart, Trustee of Western Asbestos Settlement Trust
**Represented by:**
Gary Fergus
gfergus@ferguslegal.com
Fergus, a law office
535 Mission Street, 14th Floor
San Francisco, California 94105
Telephone: (415) 537-9030
Facsimile: (415) 537-9038

Beth Ann R. Young
bry@lnbyb.com
Eve H. Karasik
ehk@lnbyb.com
Levene, Neale, Bender, Yoo & Brill, LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

There are no other known interested parties or entities.

_____        Date:  _January 13, 2022_____
Petra DeJesus
Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Counsel for Appellants

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      STATEMENT OF JURISDICTION .......................................................9

II.     INTRODUCTION / SUMMARY OF THE ARGUMENT ...............11

III.    ISSUES ON APPEAL........................................................................15

IV.     STANDARD OF REVIEW ..............................................................17

      A.      REVIEW OF GRANT OR DENIAL OF SUMMARY
             JUDGMENT ...........................................................................17

      B.      QUESTIONS OF LAW .........................................................17

      C.      MIXED ISSUES OF FACT/LAW .........................................18

      D.      JURISDICTIONAL ISSUES .................................................18

V.      STATEMENT OF THE CASE ..........................................................18

      A.      Procedural History And Statement of Facts ............................18

            1.      Declaratory Relief.........................................................18

      B.      Appellants' Complaint ...............................................................19

            1.      Mr. Darden's exposure sites ..........................................19

            2.      In May 1967 Western MacArthur expressly
                 structured an asset purchase agreement for
                 Western Asbestos.......................................................20

            3.      Mr. Darden's 1983 Asbestosis Complaint only
                 named Western MacArthur ...........................................22

            4.      The 1986 Compromise and Release with Western
                 MacArthur.....................................................................22

            5.      In 2002, Trust Was Created to Resolve Personal
                 Injury and Wrongful Death Claims Against the
                 Western Entities............................................................23

            6.      Mr. Darden's 2017 Mesothelioma Complaint filed
                 in Alameda County .......................................................23

            7.      Mr. Darden's Trust Claim Submission for
                 Mesothelioma. ..............................................................24

            8.      Successor in Interest and Heirs Substitution .................24

9. Documentation Regarding Mr. Darden's Work at Approved Trust's Sites ...................................................25

10. Mr. Darden's 1986 Deposition Testimony Uploaded to the Trust ...................................................25

11. Potential Resolution Under the Western Asbestos Trust's Matrix ...................................................25

12. Request for Medical and Public Records ......................26

13. The Trust provides the 1986 Settlement Release ...........26

14. Mr. Darden's Claim is Rejected as a Second Personal Injury Claim...................................................26

15. The Trust Refused to Acknowledge the Heirs' Wrongful Death Claim ...................................................27

C. The Trust's Answer and Counter Claims .................................28

D. Dardens' Answer And Reply ...................................................29

E. Dardens' Motion For Summary Judgment .............................30

F. The Trust's Motion For Summary Judgment ...........................30

G. June 21, 2021, Hearing on Motions For Summary Judgment ...................................................................................31

H. The Bankruptcy Court's August 5, 2021 Memorandum of Decision Denying Appellants' Motion for Summary Judgment on Declaratory Relief/Personal Injury Trust Claim, and Granting Summary Judgment in Favor of the Trust on the Personal Injury Claim.............................................32

I. The Bankruptcy Court's September 13 2021 Memorandum of Decision Re: Wrongful Death Claims, Granting Appellants' Motion For Summary Judgment Regarding Scope of Release, and Granting the Trust's Motion for Summary Judgment Regarding Whether the Trust Must Consider and Administer Appellants' Wrongful Death Claims ..........................................................34

J. The Bankruptcy Court's September 13, 2021 Judgment..........35

VI. ARGUMENT ...................................................................................36

A. The Bankruptcy Court Erred By Entering A Final Judgment And Denying Appellants' Motion for

Summary Judgment Regarding Appellants' 1986 Pre-Petition Personal Injury Release And Wrongful Death Claims. ...................................................................36

1.    Non-Article III Bankruptcy Courts Lack Constitutional Authority To Rule On State Law Counterclaims And State Common Law Claims. ..........36

2.    The Bankruptcy Court Has No Authority To Enter A Final Judgment Regarding Appellants' Non-Core Proceeding under 28 U.S.C. Section §§ 157(b)(2)(B) and (b)(2)(O) ............................................38

3.    Appellants Did Not Consent to the Bankruptcy Court Ruling on These Non-Core Adversary Proceedings.................................................38

4.    Although Appellants Did Not Consent Under FRBP § 8018.1, the District Court May Treat the Judgment As Proposed Findings of Fact and Conclusions of Law. ......................................39

B.    The Bankruptcy Court, Erred by Denying Appellants' Motion for Summary Judgment on the Personal Injury Claim and Erred in Granting Summary Judgment in Favor of Appellees. ...................................................39

1.    As a Matter of Law, Appellants have a Valid Negligence Claim for Pre-1967  Western Asbestos Negligence. .................................................39

2.    The Bankruptcy Court Failed to Apply the California State Court's Determination of *Kaminski v. Western MacArthur Co.*.............................41

3.    The California Appellate Court's Decision in *Kaminski v. Western MacArthur Co.*,  Defines What It Means to Be a Predecessor to Western MacArthur Company.....................................43

       (a)    The Bankruptcy Court Erred in Expanding the Vague Term "Predecessor" in Appellees' Release to Include Western Asbestos Company's Negligence As a Matter of Undisputed Fact....................................43

       (b)    The Bankruptcy Court Erred by Relying on Remote and Irrelevant Extrinsic Evidence to Alter the Holding in *Kaminski*. ...........................44

       (c)    The Bankruptcy Court's Reliance on *Neverkovec v. Fredericks* Is Misplaced As Applied to the Circumstances Here......................45

    4.    The Bankruptcy Court Erred In Finding Appellants' June 2017 Claim Is Barred By Claim Preclusion. ....................................................................46

    5.    The Bankruptcy Court Erred in Denying Appellants' Motion for Summary Judgment on the Release And In Granting Appellees' Motion for Summary Judgment As a Matter of Law......................47

       (a)    Appellants Produced Evidence Sufficient to Meet Its Burden For Granting Summary Judgment on the 1986 Release. ...........................47

       (b)    Appellees Did Not Produce Evidence Sufficient to Meet Its Burden For Summary Judgment And That There Are No Genuine Disputes as to Any Material Fact Related to the Personal Injury Claim....................................49

    6.    Even If the Court Was Correct about the Scope and Effect of the Release on the Merits, the Trust Waited Too Long to Assert its Affirmative Defenses in Response to Appellants' Bankruptcy Claim.............................................................................51

C.    Although the Bankruptcy Court Correctly Held That the 1986 Release Did Not Affect the Wrongful Death Claims, it Incorrectly Denied Appellants' Motion For Summary Judgment and Incorrectly Granted the Trust's Motion for Summary Judgment by Misinterpreting the Western Asbestos Settlement Trust's Governing Documents. .................................................................52

       (a)    Appellants' Wrongful Death Claim Was Either Waived or Not Waived – It Cannot Be Both..................................................................52

(b)   The Court Misinterprets the Trust
Documents in Concluding the Trust Was
Not Constructed to Compensate Appellants
C.C.P. §377.60 Claim...........................................55

(c)   Appellants met their burden for summary
judgment, but the Court erred in granting the
Trust's motion, concluding that the Trust's
documents do not authorize the Trust to
compensate the Darden heirs' wrongful
death claims. ........................................................56

(d)   The Trust Did Not Produce Evidence
Sufficient to Meet its Burden That There
Are No Genuine Disputes as to Any
Material Fact Related to the Wrongful Death
Claim. ..................................................................57

VII.   CONCLUSION ...................................................................58

## I.    STATEMENT OF JURISDICTION

Federal district courts have exclusive jurisdiction over all cases under Title

11 of the United States Code, and concurrent jurisdiction over all civil proceedings

arising under Title 11, or arising in or related to cases under Title 11.  28 U.S.C.

§1334 (a), (b). Further, jurisdiction over this appeal is conferred on the United

States District Court pursuant to 28 U.S.C. § 158 (a)(1).  Section 158 (a)(1)

provides that district courts of the United States shall have jurisdiction to hear

appeals from final judgments, orders and decrees of bankruptcy judges under 28

U.S.C. §157.  Federal district courts have original jurisdiction pursuant to Article

III of the U.S. Constitution regarding the non-consensual purported final judgment

issued by the Bankruptcy Court regarding state claims.

This Adversary proceeding was before the United States Bankruptcy Court

("Court"), Northern District of California pursuant to 28 U.S.C. §§ 157(a) and

1334.  This is an appeal from a two-part decision issued by the Hon. Charles

Novack, regarding Appellants' and Appellees' cross-motions for summary

judgment pursuant to Federal Rules Bankruptcy Procedure ("F.R.B.P.") §7056.

The Court issued a partial final decision in its August 5, 2021 Memorandum

Decision Denying Appellants' Motion For Summary Judgment on Declaratory

Relief/Personal Injury Trust Claim, and Granting Summary Judgment in Favor of

Appellees on Personal Injury Claim  ("Personal Injury"). [Excerpt of Record

("ER"), Tab 1, at 3:13-15;12:22-24; 19:4-5].  Orders in bankruptcy cases qualify as "final," for purposes of appeal when they definitively dispose of discrete disputes within the overarching bankruptcy case.  *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582 (2020) relying on 28 U.S.C. §§ 158 (a), 1291.

F.R.B.P. Rule 8002 (a)(1) states:  "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  On August 25, 2021, Appellants timely filed a notice of appeal regarding the Court's partial final decision on the August 5, 2021 Personal Injury Claim. [ER Tab 132].

On September 13, 2021, The Court issued a second Memorandum Decision Re: Wrongful Death Claims, Granting Appellants' Motion For Summary Judgment Regarding Scope of Release, and Granting Appellees' Motion for Summary Judgment Regarding Whether Trust Must Consider and Administer Appellants' Wrongful Death Claims ("Wrongful Death"). [ER Tab 2 at 23:13-18; 36:26-37:1; 40:2-8].

Also, on September 13, 2021, the Court issued a Judgment regarding Appellants' personal injury and wrongful death claims. (*Id*. at 36:26-37:1; 40:2-8.) On September 27, 2021, Appellants timely filed a notice of appeal regarding the Court's September 13, 2021 Judgment and Memorandum of Decision. [ER Tab 133].

## II.    INTRODUCTION / SUMMARY OF THE ARGUMENT

Western Asbestos Settlement Trust ("Trust") is a Trust organized under 11 U.S.C. §524 (g) to satisfy all asbestos-related personal injury and wrongful death claims caused by conduct of, and/or exposure to asbestos-containing products for which Western Asbestos Company; Western MacArthur Company; and/or MacArthur Company have legal responsibility.

Decedent Edward "Eddie" Darden (hereinafter "Mr. Darden") was a welder who worked at several Bay Area shipyards throughout the 1960's and 1970's.  He developed asbestos-related malignant mesothelioma in 2016; he died from the cancer in 2017.  His surviving spouse is  Marvie Darden ("Mrs. Darden").  She is the successor-in-interest to Mr. Darden's survivorship personal injury claim pursuant to California Code of Civil Procedure ("C.C.P.") §377.11, *et seq*. Additionally, as Mr. Darden's surviving spouse, Mrs. Darden has her own wrongful death claim pursuant to C.C.P. §377.60, *et seq*. the remaining  heirs are all of Mr. Darden's surviving children,[1] and they likewise have their own wrongful death claims pursuant to C.C.P. §377.60, *et seq*.

---

[1] The adult children are: Christopher Darden, Debora Darden, Lawrence Darden, Rosalind Darden Keeton, Anita Gardyne and Angela Newsome ( "Dardens"/"Heirs")

As a result of Mr. Darden's asbestos-related malignant mesothelioma and resulting death, Mr. Darden and his heirs filed Asbestos Personal Injury and Wrongful Death Claims with the Trust pursuant to the Western Asbestos Settlement Trust Distribution Procedures.  However, the trust rejected their claims. The Trust asserted, as an affirmative defense, that Mr. Darden's and the heirs' claims are barred because in 1986 Mr. Darden signed a release of liability in the context of his personal injury lawsuit for non-malignant asbestosis.  As explained herein, Mr. Darden and his heirs' claims are not barred by the 1986 release.

In 1983, Mr. Darden filed a personal injury lawsuit for non-malignant asbestosis.  Mr. Darden sued Western MacArthur Company but did not sue Western Asbestos Company.  And, he did not allege that Western MacArthur Company held any successor liability for Western Asbestos Company.

In 1985 the *Kaminski* decision held that Western MacArthur Company was the successor-in-interest to Western Asbestos Company – but only for purposes of strict products liability under the product-line successor theory.  *Kaminski,* 175 Cal.App.3d at 456-459.  As a matter of law, the product-line successor theory does not apply to "ordinary negligence" liability.  *Franklin v. USX Corp*., (2001) 87 Cal.App.4th 615, 628-629.  Moreover, as of the date of the 1986 release that is at-issue here, no court held on any other basis that Western MacArthur Company was the successor-in-interest to the negligence liability of Western Asbestos Company.

In 1986, Mr. Darden settled his asbestosis lawsuit against Western MacArthur Company.  In exchange for $1,300.00, Mr. Darden signed a release of liability in favor of Western MacArthur Company as well as its unspecified "predecessors"-in-interest.

Additionally, the 1986 release purported to discharge all future asbestos-related wrongful death claims of Mr. Darden's future heirs.  But only Mr. Darden signed the release.  And, under California law, Mr. Darden lacked the power to release his future heirs' wrongful death claims. *Hass v. RhodyCo Productions*, 26 Cal.App.5th 11, 25 (2018).

Before Mr. Darden died in 2017, he submitted a personal injury claim to the Trust seeking compensation for his asbestos-related malignant mesothelioma. Shortly after Mr. Darden's death, his heirs provided the Trust with a certified copy of Mr. Darden's Certificate of Death, thereby adding the heirs' wrongful death claims to the case.

As to Mr. Darden's personal injury claim, the Trust wrongly determined that he had discharged his claim against Western Asbestos Company when he signed the 1986 release in favor of Western MacArthur Company and its "predecessors"-in-interest.

As to the Dardens' wrongful death claims, the Trust wrongly determined that Mr. Darden had successfully discharged those claims when he signed the 1986

release and purported to eliminate the rights of his future heirs.  But, Mr. Darden lacked the power to release his future heirs' wrongful death claims.  On December 3, 2019, the Trust sent an e-mail stating that Mr. Darden and his heirs' claims would be rejected.  The Trust officially rejected the claims on February 24, 2020.

In regards to the 1986 release, the Dardens proved with undisputed documents that the independent negligent conduct of Western Asbestos Company (before May 1967) and Western MacArthur Company (after May 1967) were substantial contributive factors of Mr. Darden's asbestos-related malignant mesothelioma – along with strict products liability during both periods for which Western MacArthur was responsible, – and the sources of separate and independent liabilities.  Mr. Darden's 1986 release was directly with Western MacArthur Company and pursuant to *Kaminski*'s limited ruling it also included Western Asbestos' strict products liability claim, but the 1986 release *did not* include Western Asbestos' pre-1967 negligence.

In the August 5, 2021 decision, the Bankruptcy Court erred in not applying *Kaminski's* ruling that Western MacArthur Company was a successor in interest to Western Asbestos Company – but only for purposes of strict products liability. And, with no supporting evidence the Court erred in expanding the definition of predecessor in the 1986 release to include Western Asbestos' negligence, and that Mr. Darden intended to waive Western Asbestos' negligence.  Further, the Court

erred by granting judgment to the Trust on claim preclusion even though Mr. Darden's pre-1967 negligence claim against Western Asbestos was not litigated and it was not a party to the 1983 complaint or the 1986 release.

In the September 13, 2021 Decision, the Bankruptcy Court correctly granted the Darden's motion for summary judgment in part, holding that the release did not terminate the Dardens' wrongful death claims because the power to release a wrongful death cause of action on behalf of an heir belongs to the heir, not the decedent. [ER Tab 2 at 36:6-8; 36:24-28].  However, the Court erred in granting, in part, the Trust's motion for summary judgment, concluding the undisputed facts demonstrate that the Trust was not constructed to compensate wrongful death claims such as those created by California Code of Civil Procedure §377.60 [which are untethered to any asbestos-induced disease]. [ER Tab 2 at 37:2-6].  Also, the Court contradictorily stated that Mr. Darden waived his wrongful death claim. [ER Tab 2 at 32:2-4].  Under California law, the wrongful death claim accrued upon Mr. Darden's death and only belonged to his heirs.

## III.   ISSUES ON APPEAL[2]

1.  Did the Bankruptcy Court err in its August 5, 2021 Decision denying Appellants' Motion for Summary Judgment by denying Mr. Darden's pre-1967

---

[2] Statutory authorities appear in the Addendum to this brief.

negligence claim and broadening the term "predecessor" in Mr. Darden's pre-petition personal injury 1986 release by granting summary judgment for Appellees barring the June 2017 claim by claim preclusion?

2.  Did the Bankruptcy Court err in its September 13, 2021 Decision and Judgment in granting Appellees' motion for Summary Judgment for Declaratory relief, in part, that the Joint Plan and Trust Documents do not authorize the Trust to compensate Appellants on wrongful death claims (C.C.P. §§ 377.60 and 377.30)?

3.  Did the Bankruptcy Court err in failing to follow and apply the California decision in *Kaminski v. Western MacArthur Co*. (1985) 175 Cal. App. 3rd 445, 451-453, holding that Western Asbestos was a predecessor to Western MacArthur for strict products liability only?

4.  Without consent, did the Bankruptcy Court err in deciding all issues before it, claiming it had "core" jurisdiction over these proceedings and purportedly issuing the final decision regarding Appellants' pre-petition personal injury 1986 release and the post-confirmation wrongful death claims pursuant to California Code of Civil Procedure §377.60, et seq.?

5.  In light of *Stern v. Marshall* 564 U.S. 462 (2011), did the Bankruptcy Court lack constitutional authority to enter a final judgment on state law personal injury and wrongful death claims, not arising in a bankruptcy proceeding and specifically excluded pursuant to 28 U.S.C. §157?

## IV.   STANDARD OF REVIEW

### A.   REVIEW OF GRANT OR DENIAL OF SUMMARY JUDGMENT

Issues 1 and 2 involve a Grant/Denial of summary Judgment. An order granting summary judgment is reviewed *de novo*.  *In re Thorson* 195 BR 101 (9th Cir. BAP 1996), relying on *Jones v. Union Pacific R.R. Co*., 968 F.2d 937, 940 (9th Cir. 1992) We review *de novo* the Bankruptcy Court's summary judgment ruling. *Ulrich v. Schian Walker, P.L.C.* (*In re Boates*), 551 B.R. 428, 433 (9th Cir. BAP 2016).  *In re Lane* (9th Cir. BAP 2018) 589 BR 399, 405.

### B.   QUESTIONS OF LAW

Issues 1 and 2 involve California Statutes.  "To the extent the bankruptcy court interpreted statutory law, [the district court] review[s] issues of law *de novo*." *In re Thorson*, 195 B.R. 101, 104 (B.A.P. 9th Cir. 1996).  A bankruptcy court's conclusions of law, including its interpretation of the Code, are reviewed *de novo*. *In re Blendheim*, 803 F.3d at 489.  *In re Lane* (9th Cir. BAP 2018) 589 BR 399, 405; This appeal presents a question of statutory construction, which is a question of law we review de novo. *Samson v. W. Capital Partners, LLC* (*In re Blixseth*), 684 F.3d 865, 869 (9th Cir.2012) (per curium) *In re Martin* (9th Cir. BAP 2015) 542 BR 479, 483.

## C.     MIXED ISSUES OF FACT/LAW

Issues 1, 2 and 3 may involve issues of fact and law.  The *de novo* standard of review likewise applies where mixed issues of fact and law are present.  *In re Bamber* (9th Cir. 1977) 131 F.3d 788, 792.

## D.     JURISDICTIONAL ISSUES

Issues 1 through 5 involve  jurisdictional issues.  "Subject matter jurisdiction determinations are subject to de novo review." *State of Alaska v. Babbitt*, 38 F.3d 1068, 1072 (9th Cir.1994).  Further, in non-core proceedings—those that are "not ...core" but are "otherwise related to a case under title 11," §157(c)(1)—final judgment must be entered by the district court after *de novo* review of the bankruptcy judge's proposed findings of fact and conclusions of law. *Executive Benefits Insurance Agency v. Peter H. Arkison*, 573 U.S. 25, 34.

## V.     STATEMENT OF THE CASE

### A.     Procedural History And Statement of Facts

#### 1.     Declaratory Relief

On May 26, 2020, Appellants instituted this action by filing a complaint for Declaratory Judgment in the Bankruptcy Court on behalf of Marvie Darden, individually and as the successor-in-interest to Eddie Darden, and the surviving children, Christopher Darden, Debora Darden, Lawrence Darden, Rosalind Darden Keeton, Anita Gardyne, and Angela Newsome against Appellees' Western Asbestos Settlement Trust ["Trust" ] for rejecting Appellants' June 2017 claim.

[ER Tab 4 at 47:17-48:7].  Appellants' Complaint for Declaratory Judgment addressed two issues:  First, that Mr. Darden did not completely waive his personal-injury claim against all of the Trust entities for all of their negligence when he signed the 1986 release in favor of Western MacArthur.  Second, that Mr. Darden did not have the legal capacity to waive his future heirs future wrongful death claim; accordingly, the heirs' current wrongful-death claim is compensable under the terms of the Trust's plan and Trust Distribution Procedures. [ER Tab 4 at 48:8-52:1]  At the November 12, 2020, scheduling conference, Judge Blumenstiel asked the parties whether or not the parties consented to Bankruptcy Local Rule 7008-1, consent to entry of final order of judgment by the Bankruptcy Court, and Appellants said no. The November 12, 2020 scheduling Order confirms Appellants' response. [ER Tab 18 at 176:4-5].

**B.     Appellants' Complaint**

**1.     Mr. Darden's exposure sites**

Decedent Mr. Darden was a welder who worked at several Bay Area shipyards throughout the 1960's and 1970's, including at Todd, Alameda off and on from 1957-1968; at Hunters Point from 1957-1958; at Moore Dry Dock in 1959; at Guy F. Atkinson, also known as ("AKA") Willamette Shipyard in Richmond from 1960-61, 1968, 1969, 1974, 1975; at Pacific Drydock and Repair AKA Martinolich Ship Repair in 1966; at Mare Island from 1960-1986; at San

Francisco Welding & Fabrication AKA Continental Maritime in San Francisco from 1986-1987; at Southwest Marine in San Francisco in 1986; at Service Engineering in San Francisco from 1987-1992; and at General Engineering in San Francisco in 1990. [ER Tab 39, at 630:9-20; Tab 40 at 656[3]].  Mr. Darden worked in shipyards that the Western entities performed work in or supplied asbestos-containing materials to, including pipe covering, block insulation, asbestos cloth and asbestos cement. [ER Tab 41, at 664:19-665:6; 665:10-666:4].  Mr. Darden's Social Security Records ["S.S.A."] and deposition testimony establish that before May 1967, and after 1967, Mr. Darden was exposed to asbestos from Western Asbestos Company's ["Western Asbestos"] and Western MacArthur Company's ["Western MacArthur"] negligent distribution and installation of asbestos-containing insulation products. [ER Tab 39 at 630:9-20; Tab 40 at 3; Tab 41 at 664:9-665:6; 665:10-666:4].

**2.    In May 1967 Western MacArthur expressly structured an asset purchase agreement for Western Asbestos**

From 1930 through May 1967, Western Asbestos Company was a Bay Area distributor and installer of Johns-Manville brand asbestos-containing insulation products. [*Kaminski v. Western MacArthur Co.* (1985) 175 Cal.App. 3rd 445, 451-

---

[3] Pursuant to the Joint Discovery Plan the Parties developed a stipulated collection of documents for which the authentication and hearsay rules are deemed satisfied. [*See*, ER Tab 15, Joint Discovery Plan, at 148:2-14].

453 (1985)[4], [*"Kaminski"*]. In May 1967, MacArthur Company formed a new entity –Western MacArthur Company– to take over the business of Western Asbestos Company. [*Id.*] The deal was structured as an asset-purchase agreement. [*Id.*] Western Asbestos Company immediately ceased its operations, and then dissolved in 1969. [*Id.*] Western MacArthur Company continued to operate the Western Asbestos Company's business without change from May 1967 through the mid-1970s. [*Id.*]

Western MacArthur deliberately structured the acquisition as an asset purchase agreement rather than through a merger because under the then applicable law it sought to avoid liability for Western Asbestos. However, *Ray v. Alad Corporation* (1977) 19 Cal.3d 22 changed that. Had Western MacArthur bought Western Asbestos and merged with it then, Western MacArthur would have had Western Asbestos' liability and the settlement with Mr. Darden would by definition have included Western Asbestos. Western MacArthur would also have had all of the Western Asbestos' liability insurance with which to pay claims.

---

[4] In the August 5, 2021 Decision, Judge Novack took Judicial Notice and incorporated Western Asbestos' corporate history from *Kaminski* in his decision. [ER Tab 1, at 5:3-5]. Appellees admit that (Appellants') description of the *Kaminski* decision is accurate. [ER Tab 6, at 60:3-6].

### 3.   Mr. Darden's 1983 Asbestosis Complaint only named Western MacArthur

On March 15, 1983, Mr. Darden's former counsel, Ken Carlson filed a personal injury lawsuit for non-malignant asbestosis in the Superior Court of Alameda County, California, Case No. 570033-2. [ER Tab 10, at 97:1-28]. As relevant here, Western MacArthur Company was a named defendant in Mr. Darden's 1983 complaint. Western Asbestos Company was not named as a defendant nor was it alleged to be a predecessor in interest to Western MacArthur. [*Id*., at 97:1-28; 99:25-100:2].

### 4.   The 1986 Compromise and Release with Western MacArthur

In 1986, Mr. Darden settled his asbestosis case against Western MacArthur and in exchange for $1,300.00, Mr. Darden signed a release of liability in favor of Western MacArthur Company as well as its unspecified "predecessors"-in-interest. [ER Tab 8 at 91 ¶1]. The 1986 release also purported to discharge all future asbestos-related wrongful death claims of Mr. Darden's future heirs. [*Id.* at 92, ¶5]. But only Mr. Darden signed the release. [*Id.* at 93, ¶3]. Western Asbestos was not named in the 1986 release.

**5.    In 2002, Trust Was Created to Resolve Personal Injury and Wrongful Death Claims Against the Western Entities**

In 2002, Western MacArthur filed its petition under Chapter 11, under the Case No. 02-46284-T[5].  The bankruptcy was commenced to provide for the uniform resolution of the asbestos-related liabilities of the three separate but related "Western" entities: (1) Western Asbestos Company; (2) Western MacArthur Company; and (3) MacArthur Company. Pursuant to 11 U.S.C. § 524(g), the Bankruptcy Court established a trust to receive, evaluate, reject, or accept and pay all Asbestos Personal Injury and Wrongful Death Claims related to one or more of the "Western" entities. [ER Tab 46 at 693-695, 698, 699-700].

**6.    Mr. Darden's 2017 Mesothelioma Complaint filed in Alameda County**

On December 16, 2016, Mr. Darden was diagnosed with asbestos-related mesothelioma. [ER Tab 47 at 701].  On February 14, 2017, Kazan, McClain, Satterley & Greenwood ("Kazan") filed a complaint on behalf of Mr. Darden for personal injuries and for Mrs. Darden's loss of consortium in Alameda County Superior Court. [ER Tab 48].

---

[5] This court number represents the original 2002 bankruptcy case number.  Over the years the case number has changed to 13-31914-TC (See Clarifying Order, ECF Dkt. 1789).  The current case number is 13-31914-HLB.

### 7.    Mr. Darden's Trust Claim Submission for Mesothelioma.

On July 11, 2017, on behalf of Mr. Darden, Kazan submitted a personal injury claim to the Trust seeking compensation for Mr. Darden's asbestos-related mesothelioma. [ER Tab 49 at 704-712; Tab 50 at 714].  Included with the claim forms were Mr. Darden's 2017 Amended Joint Defense Responses to Interrogatories. In response to Interrogatory #60, Appellants specifically identified Mr. Darden's 1983 asbestosis case and attached the face page of the 1983 complaint as Exhibit B, naming Western MacArthur as a defendant. [ER Tab 39, at 637:22-24; 648; and Tab 50].

Kazan did not represent Mr. Darden in his 1983 case and did not have possession of the case filed by Ken Carlson, nor the 1986 settlement release with Western MacArthur; the 1983 case and release were in the Trust files and databases since its inception.

### 8.    Successor in Interest and Heirs Substitution

Mr. Darden died on September 5, 2017. [ER Tab 51].  On September 27, 2017, Kazan submitted Mrs. Darden's Successor in Interest Declaration and a certified copy of Mr. Darden's death certificate to the Trust. [ER Tab 51; Tab 52; Tab 10].

### 9.    Documentation Regarding Mr. Darden's Work at Approved Trust's Sites

In an October 26, 2017, email, from May Wong ["Wong"], Kazan Settlement Paralegal, to Leah Cowen ["Cowen"], Trust's Lead Claims Analyst, Ms. Wong  provided information on Mr. Darden's work at Willamette ("High exposure") and Martinolich ("Very High" exposure) shipyards in the 1960 and 1970's. [ER Tab 58 at 719; Tab 54 at 724-725; 740; Tab 55, at 742; 743].

### 10.    Mr. Darden's 1986 Deposition Testimony Uploaded to the Trust

In the email chain dated May 14, 2018, Ms. Cowen indicated she would review Mr. Darden's (1986) uploaded testimony regarding his work at Martinolich's shipyard. [ER Tab 58 at 746-747; Tab 41 at 664:19-665:6; 665:10-666:4; Tab 50].

### 11.    Potential Resolution Under the Western Asbestos Trust's Matrix

Appellants and the Trust continued to discuss the number of workdays Mr. Darden worked at the two relevant shipyards. [Tab 59 at 748-749].

On December 13, 2018, Kazan checked the evaluation screen for the unofficial amount of the claim and took a screen shot of Mr. Darden's claim's Liquidated Value Amount of $1,216,618.19. [ER Tab 60; Tab 61, at 752-753; Tab 74 at 823:2-18; 825:3-15].

### 12.    Request for Medical and Public Records

On March 5, 2019, the Trust indicated that a Trustee has to sign off on any Western claim over one million dollars.  The Trustees requested all treating records and information on the 1983 litigation. [ER Tab 61 at 752-753].  Ms. Wong provided the 1986 Alameda County Court records. [*Id*. at 752].  Neither the Court records nor any of Kazan's documents contained Mr. Darden's 1983 settlement release or identified the amount or terms of the release.

### 13.    The Trust provides the 1986 Settlement Release

On March 18, 2019, the Trust asked Kazan if it had "the [1986] Release for the $1300 payment. On March 19, 2019, Kazan responded, "Do you?" stating the Trust that Kazan was not counsel of record for Mr. Darden in the 1983 case, and identifying the Law Offices of Carlson & Robinson. [*Id*. at 752].  On July 8, 2019 Ms. Cowen sent an email that attached a copy of the 1986 Darden Release. [ER Tab 62 at 754].

### 14.    Mr. Darden's Claim is Rejected as a Second Personal Injury Claim

On December 3, 2019, Ms. Paul, Acting Executive Director sent an e-mail to Matt Thiel, Kazan's attorney in charge of its Bankruptcy Claims Department, stating that, in her opinion, the 1986 Release "relates to all causes of action including those for personal injury, loss of consortium and wrongful death."  The Trust "reviewed the claim and made the decision the claim was barred based on the

full release." The Trust "also reviewed the documents in the file and still believes the claim is barred because Mr. Darden's original claim filed in 1983 was a personal injury complaint and Mr. Darden's second filing in 2017 was a personal injury complaint."  [ER Tab 64 at 757-758].

### 15.   The Trust Refused to Acknowledge the Heirs' Wrongful Death Claim

In December 2019, Kazan responded that Mr. Darden's heirs have a valid wrongful death claim that neither Mr. Darden nor his estate could release; that enforcement of such a defective release creates a gross injustice, is not defensible morally and may require litigation. Further, Kazan explained that the Trust's position is unique to the Trust and uniformly contrary to the position of every national trust. [ER Tab 65 at 759-760].  On February 24, 2020 the Trust officially rejected Mr. Darden's claim. [ER Tab 66 at 763].

In the Fall of 2020, the Trust took all of the Dardens' depositions, and they all testified they did not give consent to release any of their wrongful death claims. [ER Tab: 67 at 767:5-6; 768:5-9; 768:12-15; 769:4-16; Tab 68 at 775:5-8; 776:2-777:25; Tab 69 at 784:3-785:1; Tab 70 at 792:14-20; Tab 71 at 799:8-801:25; Tab 72 at 807:7-11; Tab 73 at 815; 25-816:8; 816:13-23].  Appellants took the depositions of the Trust's two Corporate Representatives, Laura Paul and James Penrod. [ER Tabs 74; 75].

### C.    The Trust's Answer and Counter Claims

On July 23, 2020, the Trust filed its Answer and Counterclaims [ER Tab 6].

The Trust's Answer denied the Dardens' claims and contended that: (1) the 1986

Release and the Dismissal with Prejudice of the 1983 complaint dismissed the

Trust and its predecessor; (2) Mr. Darden released his and the heirs' future

wrongful death claims; (3) Mr. Darden personally and on behalf of the heirs agreed

to indemnify and hold the Trust and its predecessor harmless from any loss,

including the wrongful death claims; and (4) The Dardens' wrongful death claims

against the Trust are preempted by the requirements of 11 U.S.C. 524 (g), the

terms of the confirmed Chapter 11 Plan, the TDP and the Matrix. [ER Tab 6 at

63:9-64:20].

The Trust asserted five affirmative defenses and requested equitable estoppel

regarding the Darden plaintiffs' assertion of the statute limitations.  The Trust's

counterclaims allege that the Dardens' personal injury and survivor claims against

it are barred by *res judicata*, claim preclusion and preemption and seeks indemnity

and hold harmless damages for breach of the Darden settlement agreement and

misrepresentation.

### D.   Dardens' Answer And Reply

On August 13, 2020, the Dardens served their answer and reply to the Trust's counterclaims, denying the Trust's allegations. [ER Tab 16 at 165:24-28; 165:4-6; 165:17-18].

The Dardens also asserted several affirmative defenses, including, that the Trust's counterclaims and each purported cause of action (including requests for damages), are barred by the applicable statute of limitations.[6] [*Id.* at 168:4-169:10]. The one-year limitation period for those counterclaims started to run in 2017-- when Mr. Darden filed his mesothelioma personal injury claim with the Trust; and, second, after Mr. Darden's death.[*Id*. at 168:5-16].  The Trust failed to raise Mr. Darden's 1986 release until July 2019. [*Id.* at 168:16-18].  Until that point, the Trust had evaluated the merits of  Mr. Darden's claims. [*Id.* at 168:18-19].  The Dardens did not hinder the Trust from searching for Mr. Darden's 1986 release. [*Id*. at 168:20-21].  The Dardens also asserted the defense of laches and waiver. [*Id*. at 168:22-169:8].

---

[6] California Code of Civil Procedure § 366.2 "(a) If a person against whom an action may be brought on the liability of the person, whether arising in contract, tort or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

### E.     Dardens' Motion For Summary Judgment

On March 9, 2021, Appellants filed their motion for summary judgment with the Bankruptcy Court. [ER Tab 36-43].  Appellants' main points for summary judgment were: (1) The 1986 release by its terms did not encompass Western Asbestos Company's pre-May 1967 negligence liability. (2) The 1985 *Kaminski v. Western MacArthur Company* opinion held explains that such liability never transferred to Western MacArthur Company – the Western entity to which the 1986 release was granted. *Kaminski v. Western MacArthur Company,* 175 Cal. App. 3rd at 456-459 (1985). [Tab 37 at 589:14-23].  As a matter of law, the product-line successor theory does not apply to "ordinary negligence" liability. *Franklin v. USX Corporation* 87 Cal.App 4th 615, 628-629 (2001); (4) Mr. Darden lacked the legal authority to release his future heirs claims.  *Hass v. RhodyCo Productions* 26 Cal.App.5th 11, 25 (2018); and (5) that the Trust's counterclaims were untimely. [*Id*. at 589:16-590:3 ].

### F.     The Trust's Motion For Summary Judgment

On March 9, 2021, the Trust submitted its motion for summary judgment, on the complaint and 1st and 2nd claims for relief; and on the Dardens' complaint and/or in the Alternative, For Summary Adjudication of issues.[7]  [Tabs 19-35].

---

[7] Given the sheer volume of the Trust's Motion for Summary Judgment and exhibits which total 1627 pages, Appellants did not include all of Appellee's exhibits and declarations in Appellants' Excerpt of the Record.

They alleged that the Dardens' claims based on negligence are barred by *res judicata* and claim preclusion; and the Dardens' claims for wrongful death are barred by *res judicata* and implied preemption by the Bankruptcy Code, the Confirmation Order and (as) implemented in the Trust's governing documents. The Trust argued that the Dardens' claims are barred: (1) as a result of the 1986 dismissal and settlement; and (2) based on *res judicata* and conflict preemption by the Plan documents. [ER Tab 19, at 179:13-180:21; Tab 20

On May 3, 2021, the case was transferred to Judge Charles D Novack, in the Oakland Bankruptcy Court [Dkt. 66].

### G.    June 21, 2021, Hearing on Motions For Summary Judgment

On Sunday, June 20, 2021, the Trust served Appellants with an independent wrongful death claim it paid originating from a pre-petition partial release.  On Monday, June 21, 2021, Appellants served a declaration to augment the record with a second independent wrongful death claim that the Trust paid with a partial pre-petition release. [ER Tab 92 at 1085:13-18].

On June 21, 2021, the Court conducted the remote hearing on Appellants' and the Trust's cross-motions for summary judgment. At the hearing, the Court offered the parties ten days to file declarations in support or against the newly submitted information. [ER Tab 105, Reporter's Transcript ("RT") at 1281:9-15; 1281:21-1282:1; 1282:23-1283:1].  On July 1, 2021 Appellants and the Trust filed

Supplemental Declarations. [ER Tab 95; Tab 99; Tab 100].  On August 5, 2021

and September 13, 2021 the Court issued two separate final decisions. [ER Tab 1;

Tab 2].

**H.     The Bankruptcy Court's August 5, 2021 Memorandum of Decision Denying Appellants' Motion for Summary Judgment on Declaratory Relief/Personal Injury Trust Claim, and Granting Summary Judgment in Favor of the Trust on the Personal Injury Claim**

Although Appellants did not consent to entry of a final judgment by the

Court, on August 5, 2021, the Court exercised subject matter jurisdiction and

issued a final Memorandum of Decision ("Decision") regarding their personal

injury claim instead of issuing proposed findings of fact and conclusions of law.

[ER Tab 18 at 176:4-7; Tab 1 at 11:23-12:20].

The Court said Appellants had two issues:  a personal injury and wrongful

death claim before the court.  That given the distinct nature of these claims the

court will address the June 2017 claim (personal injury) and wrongful death claim

separately.  This (*August 5, 2021*) decision addresses the June 2017 (personal

injury) claim. (Emphasis) [ER Tab 1 at 3:10-15].

The Court granted summary judgment in the Trust's favor under Federal

Rule of Bankruptcy Procedure 7056 (f). [*Id.* at 12:21-25]  The Court held that: 1)

The *Kaminski* court's careful analysis-issued before the parties executed the

release-establish as a matter of law that Western Asbestos was Western

MacArthur's one and only predecessor; [*Id.* at 15:20-22]; (2) Given the *Kaminski* court's findings that holding, the fact that the release sought a broad release of liability from Mr. Darden's asbestos exposure, and that the dismissal order included Western MacArthur's predecessor entity, a reasonable person in Mr. Darden's position would believe that Western MacArthur sought a release of Western Asbestos; [*Id.* at 15:22-25]; (3) This Court concludes as a matter of law that Western Asbestos was an intended beneficiary of the release, and that Mr. Darden released all of his asbestos-related claims against it [*Id.* at 15:26-27]; (4) *Kaminski* did not prevent Edward and Western MacArthur from voluntarily contracting to release Western MacArthur's predecessor entity.  They did and the Trust may enforce the release. [*Id.* at 16:7-8]; (5) The June 2017 claim is barred by claim preclusion [*Id.* at 17:20-21]; and (6) The Trust's affirmative defenses of statute of limitations, laches and waiver are insufficiently presented. The Court, declines to grant summary judgment against the First Counter-Claim based on these affirmative defenses. [*Id.*at 20:1-3].

The Court rejected Appellants' argument that *Kaminski* prevents this Court from so holding. "As the Dardens correctly note, no court has held, as a matter of law, that Western MacArthur is also liable for Western Asbestos's negligence in selling/installing asbestos containing products. *Ray's* public policy pronouncements, however, are of no matter here.  The question before this court is

one of contract interpretation." [*Id*. at 16:3-7]. The Court erred because "predecessor"- in- interest to Western MacArthur has a particular meaning under California law, especially with respect to these particular entities. Here, the Court ignored California law and used his interpretation of the term "predecessor," which broadened California's defined term pursuant to *Kaminski*.

I.    **The Bankruptcy Court's September 13 2021 Memorandum of Decision Re: Wrongful Death Claims, Granting Appellants' Motion For Summary Judgment Regarding Scope of Release, and Granting the Trust's Motion for Summary Judgment Regarding Whether the Trust Must Consider and Administer Appellants' Wrongful Death Claims**

Appellants did not consent to entry of a final judgment by the Bankruptcy Court, but on September 13, 2021, the Court exercised subject matter jurisdiction and issued a final decision, regarding Appellants' wrongful death claim. [ER Tab 18, 176:4-7; Tab 2 at 24:17-18; and fn. 3].

The Court granted Appellants' motion for summary judgment, in part, and declared that the Release, in and of itself, does not bar their wrongful death claims. The court also granted Appellees' motion for summary judgment for declaratory relief, in part, that the Joint Plan and Trust Documents do not authorize the Trust to compensate Appellants on the wrongful death claims they allege to hold. [ER Tab 2 at 40:2-8.]

However, the Court also said that: (1) The undisputed facts demonstrate that the Trust simply was not constructed to compensate wrongful death claims such as

those created by California Code of Civil Procedure § 377.60 [which are untethered to any asbestos-induced disease [ER Tab 2 at 37:2-6]; (2) Without some claim of asbestos exposure and illness created by that exposure, the Trust has no method by which to compensate Appellants, [ER Tab 2 at 38:2-4];  (3) The limited extrinsic evidence proffered by Appellants does not demonstrate that the Joint Plan and Trust Documents are reasonably susceptible to any other meaning [ER Tab 2 at 38:19-20]; and (4) The Trust's relevant extrinsic evidence supports this court's interpretation of the Trust documents. [ER Tab 2 at 39:3-4.]

### J.      The Bankruptcy Court's September 13, 2021 Judgment

The Court issued its September 13, 2021 stating:

> For the reasons stated in this court's August 5, 2021 memorandum decision and September 13, 2021 memorandum decision, judgment is entered as follows: (1) Summary Judgment is granted, in part, to the Dardens, and this court declares that the Release (as defined in the memorandum decisions), in and of itself, does not bar their wrongful death claims. (2) Summary Judgment is granted, in part, to the Trust, and this court declares that the Release does bar the June 2017 Claim (as defined in the memorandum decisions). (3) Summary Judgment is granted, in part, to the Trust, and this court declares that the Trust is not authorized to, and therefore need not consider nor compensate the Dardens for their wrongful death claims. (4) The Trust's remaining declaratory relief claims for relief are dismissed without prejudice.
>
> [ER Tab 3 at 43:1-16]

## VI.   ARGUMENT

### A.   The Bankruptcy Court Erred By Entering A Final Judgment And Denying Appellants' Motion for Summary Judgment Regarding Appellants' 1986 Pre-Petition Personal Injury Release And Wrongful Death Claims.

#### 1.   Non-Article III Bankruptcy Courts Lack Constitutional Authority To Rule On State Law Counterclaims And State Common Law Claims.

In *Stern v. Marshall* 564 U.S. 462 (2011) the Court held that "Article III of the Constitution provides that the judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in that Article. We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984. The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." [*Id.* at 503].

The Court claimed jurisdiction stating pursuant to 28 U.S.C. § 1334 (B), stating that: (1) This adversary proceeding is "related to" the underlying Chapter 11 cases.  (2) The court retains jurisdiction to resolve matters where there is a "close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter;  (Citations); (3) The wrongful death claims will require this court to interpret the trust and the trust documents; (4) There is a sufficiently close nexus between this adversary proceeding and the joint plan to provide this Court with subject matter jurisdiction; (5) Cases involving continuing

trust that by their nature maintain a connection to the bankruptcy even after the plan has been confirmed. (Citations); (6) Supplemental jurisdiction over these counterclaims that seek indemnity or contributions if Appellants prevailed on the wrongful death case. (Citations); (7) Although the proceeding addresses a few potential claims against the trust, the trust contends an adverse ruling could result in a flood of new claims that may jeopardize its ability to meet its section 524 (g) obligations; and (8) Bankruptcy Code §524 (g) (2) (B) (ii) (V). [ER Tab 1 at 11:23-12:20].

The *Stern* court stated, "It is clear that the Bankruptcy Court in this case exercised the "Judicial Power of the United States" in purporting to resolve and enter final judgment on a state common law claim, just as the court did in *Northern Pipeline*. [*Stern*, supra at 487] No "public right" exception excuses the failure to comply with Article III in doing so, any more than in *Northern Pipeline*. *Stern* also held that Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case. The question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process. [*Stern.* at 499 ].  Without consent, the court should not have issued a final judgment in these personal injury and wrongful death claims.

### 2.    The Bankruptcy Court Has No Authority To Enter A Final Judgment Regarding Appellants' Non-Core Proceeding under 28 U.S.C. Section §§ 157(b)(2)(B) and (b)(2)(O) .

*In re Gary Brew Enterprises Ltd.*, 198 BR 616, 617 (1996) stated that: "[I]n 1984 Congress adopted section 157(b)(5), which provides: The district court shall order that personal injury tort and wrongful death claims shall be tried in the district in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending. Moreover, § 157(b)(2)(B) provides that core proceedings include the allowance or disallowance of claims against the estate "but not the liquidation or estimation of contingent or unliquidated personal injury torts or wrongful death claims against the estate for purposes of distribution in a case under Title 11." [*Id.* at 617] Appellants' personal injury and wrongful death claims cannot be resolved in the bankruptcy claims allowance process.

### 3.    Appellants Did Not Consent to the Bankruptcy Court Ruling on These Non-Core Adversary Proceedings.

At the November 12, 2020 conference in response to Bankruptcy Local Rule 7008-1, Appellants did not consent to the Bankruptcy Court entering a final order of judgment on Mr. Darden's 1986 pre-petition release and post-confirmation wrongful death claim.  Further, filing this adversary proceeding did not represent any tacit or implied waiver of consent in this matter.  *In re Gary Brew Enterprises LTD.*,  198 B.R. 616  (1996) held that  "There is no consent by the Appellants to

hear this matter in this Court. See, § 157(c)(2). The filing of the Proof of Claim

cannot be tantamount to consent where Congress has explicitly restricted this

Court's jurisdiction in § 157(b) (2)(B) and 5. The matter must be tried in district

court.

> ### 4. Although Appellants Did Not Consent Under FRBP § 8018.1, the District Court May Treat the Judgment As Proposed Findings of Fact and Conclusions of Law.

If a matter is noncore, and the parties have not consented to final

adjudication by the bankruptcy court, the bankruptcy judge must propose findings

of fact and conclusions of law. Then, the district court must review the proceeding

*de novo* and enter final judgment. *Executive Benefits Insurance Agency v Arkison*,

573 U.S. 25, 34. See, FRBP 8018.1.

**The August 5, 2021 Memorandum**

**B.    The Bankruptcy Court, Erred by Denying Appellants' Motion for Summary Judgment on the Personal Injury Claim and Erred in Granting Summary Judgment in Favor of Appellees.**

> ### 1. As a Matter of Law, Appellants have a Valid Negligence Claim for Pre-1967 Western Asbestos Negligence.

The Court erred in dismissing *Kaminski's* specific holding and substituting

its interpretation in place of California settled law and ruling that Mr. Darden

released *all* asbestos-related claims against Western Asbestos.  Appellants proved

with undisputed documents that the independent negligent conduct of Western

Asbestos Co. (before May 1967) and Western MacArthur Co. (after May 1967)

were substantial contributing factors of Mr. Darden's asbestos-related malignant

mesothelioma –along with strict products liability during both periods for which

Western MacArthur was responsible,– and thus sources of separate and

independent liabilities. [ER Tab 1 at 15:26-16:9].

 Pursuant to California law, Mr. Darden's 1986 release is not a complete

settlement because Mr. Darden's 1983 complaint was filed only against Western

MacArthur Company. [ER Tab 42  at 669:1-28; 671:25-672:2].  Western

MacArthur routinely denied liability for Western Asbestos Company prior to  the

1985 California Appellate Court ruling in *Kaminski v. Western MacArthur Co*.

(1985) 175 Cal.App.3d 445, 451-453.  Mr. Darden's 1986 release was directly with

Western MacArthur Company and pursuant to the *Kaminski's* limited ruling it also

settled Western Asbestos strict products liability claim, but the 1986 release did not

include Western Asbestos pre-1967 negligence.

 The 1985 *Kaminski* decision held that Western MacArthur Co. was the

successor-in interest to Western Asbestos Co. –but only for purposes of strict

products liability– under the product-line successor theory. [*Kaminski,* supra, 175

Cal.App.3d at 456-459].  As a matter of law, the product-line successor theory

does not apply to "ordinary negligence" liability. [*Franklin v. USC Corp*., (2001)

87 Cal.App.4th 615, 628-629].  Moreover, as of the date of the 1986 Release that is

at issue here, no court held on any other basis that Western MacArthur Co. was the successor-in interest to the negligence liability of Western Asbestos Company.

As such, the 1986 Release signed by Mr. Darden in favor of Western MacArthur Co., as well as, its unspecified "predecessors"-in-interest, neither expressly nor impliedly released the pre-May 1967 negligence liability of Western Asbestos Co. Western MacArthur Co. was the successor-in-interest to Western Asbestos Co. only for purposes of strict products liability – not for purposes of Western Asbestos Co.'s pre-May 1967 negligence that contributed to Mr. Darden's asbestos exposures and resulting mesothelioma. The Release Mr. Darden signed released Western MacArthur Co., but not Western Asbestos Co.'s portion of the liabilities sought by Appellants here. Accordingly, Mr. Darden has a viable pre-1967 negligence claim against Western Asbestos, and that claim was channeled to the Trust by the Approved Plan of Reorganization, which put the proceeds of Western Asbestos's insurance into the Trust corpus to pay claims against both Western Asbestos and Western MacArthur.

### 2. The Bankruptcy Court Failed to Apply the California State Court's Determination of *Kaminski v. Western MacArthur Co.*

Article I Section 8, Clause 4 of the United States Constitution gives Congress the power to establish uniform Laws on the subject of Bankruptcies throughout the United States.  But even when it does, personal injury claims are

subject to state substantive law.  The 1986 release was signed under California law, well before the Western MacArthur entities sought bankruptcy protection and established the bankruptcy Trust pursuant to 11 U.S.C.§524 (g).  Further, 28 U.S.C.A. § 1652 states that "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." The bankruptcy court was required to follow and apply the California *Kaminski* decision which determined that Western MacArthur as a successor in interest to Western Asbestos  for strict products liability-only.  And, the Court was obliged to recognize and apply the ruling in *Franklin v. USX Corp.* 87 Cal.App. 4th 615, 628-629, which declined to extend the *Ray v. Alad*, product line successor exception to include ordinary negligence actions.  The Bankruptcy Court erred by rejecting *Kaminski* and *Alad* rulings and improperly expanding the term "predecessor" in the 1986 release to include Western Asbestos negligence. [ER Tab 1 at 16:1-9].

Neither Congress nor the federal judiciary has the constitutional power to declare substantive rules of common law for the states. *Erie Railroad v. Tompkins*, 304 U.S. 64, (1938). Thus, any application of the Rules of Decision Act which invades that substantive province must be unconstitutional. *Id*. at 79–80.

3. **The California Appellate Court's Decision in *Kaminski v. Western MacArthur Co.*,  Defines What It Means to Be a Predecessor to Western MacArthur Company.**

 (a) **The Bankruptcy Court Erred in Expanding the Vague Term "Predecessor" in Appellees' Release to Include Western Asbestos Company's Negligence As a Matter of Undisputed Fact.**

Only Western MacArthur, was named in the release which encompassed the term "predecessor and/or alternative entities and/or successors."  But layered over this 1986 release was the 1985 *Kaminski* decision which legally defined what it meant to be Western MacArthur's predecessor.  Instead of recognizing and applying *Kaminski*'s long-standing holding of what it means to be a predecessor to Western MacArthur, the Court outright rejected Appellants' argument and stated it disagrees that *Kaminski* prevents the Court from declaring that Western Asbestos was an intended beneficiary of the 1986 release and that Mr. Darden released *all* of his asbestos-related claims against it.  [ER Tab 1 at 15:26-16:9].  Although the Court discusses *Kaminski's* holding, the Court rejected *Kaminski* and stated that *Ray v. Alad*'s public policy pronouncements are of no matter here. [*Id.* at 16:1-9]. In addition, the Court relied on Black's Law dictionary to define "predecessor". [*Id.* at 15:17-25].

Also, the Court relied on Mr. Penrod's generalized statements, that the 1986 Release is one example of a "standard release" most commonly used by the Western MacArthur Company back in the 1980's which *intended to be* "a broad

release of all claims, all corporations, all companies, which would normally be more than enough to get a complete settlement." [ER Tab 75 at 840:20-841:11; Tab 1 at 15:2-10]. Agreeing with Mr. Penrod's statements and his characterization of the documents the Court, without any supporting evidence in the record before it, concluded that Mr. Darden actually intended to release the negligence claim. The Court also, erroneously ruled that the 1986 release, included negligence and did not prevent Mr. Darden and Western MacArthur from voluntarily contracting to release Western MacArthur's predecessor entity. [ER Tab 1 at 16:1-9].

> **(b)** **The Bankruptcy Court Erred by Relying on Remote and Irrelevant Extrinsic Evidence to Alter the Holding in *Kaminski*.**

As stated above the Court relied on Mr. Penrod's irrelevant information in determining the term "predecessor" in the 1986 contract.[ER Tab 1 at 15:2-8]. But, Mr. Penrod was not a percipient witness to Mr. Darden's 1986 release and is attempting to recreate, interpret and add Appellees' meaning to a contract 35 years after the fact. Appellees through Mr. Penrod was trying to cure its defective drafting by recharacterizing and explaining through purported extrinsic evidence what the 1986 release intended to mean when it was signed – which it cannot do. The parol evidence rule generally prohibits "the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." [*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 343-

344; Cal. Civ. Code § 1625; Cal. Civ. Proc. Code § 1856.] Extrinsic evidence "cannot be admitted to prove what the agreement was, not for any of the usual reasons for exclusion of evidence, but because as a matter of law the agreement is the writing itself." [*Id.* (emphasis added).] Parol evidence cannot be admitted to show intention independent of an unambiguous written instrument. [*Wagner v. Columbia Pictures Indus Inc*. (2007) 146 Cal.App.4th 586; *Cerritos Valley Bank v. Stirling* (2000) 81 Cal.App.4th 1108.]

> **(c)** **The Bankruptcy Court's Reliance on *Neverkovec v. Fredericks* Is Misplaced As Applied to the Circumstances Here.**

The Bankruptcy Court's reliance on *Neverkovec v Fredericks* 74 Cal.App.4th 337 (1999) is misplaced.  *Neverkovec* sets out factors in determining whether a general release agreement operates in favor of third parties. The *Neverkovec* release said "…"any other person", firm or corporation charged or chargeable with responsibility or liability, …" This is not the type of agreement at issue here.  The Trust's release is much more circumspect.  The Trust's release modifies and restricts the generic term "…all other persons"… controlled by or in conjunction with said parties.  In addition, the Trust's release and dismissal with prejudice is specifically limited to "*as to this settling defendant only*" (emphasis) [ER Tab 45 at 691; Tab 31 at 543].  The Trust's release is narrower and not the

type of release discussed in *Nerverkovec*.  The issue before this Court is what does the undefined term "predecessor" mean in Appellee's release.

Mr. Penrod's recollection and opinions do not add to the discussion regarding the specific intent between Mr. Darden and Western MacArthur when they signed the release.  Mr. Penrod's opinions regarding Western MacArthur's goals are not sufficient to conclude as a matter of law that Western Asbestos was an intended beneficiary of the 1986 release, and that Mr. Darden released all of his asbestos related claims against it.  For argument's sake, Mr. Penrod might be able to discuss what Western MacArthur intended but he cannot know what Mr. Darden intended.

### 4.   The Bankruptcy Court Erred In Finding Appellants' June 2017 Claim Is Barred By Claim Preclusion.

The Doctrines of *Res Judicata*, Collateral Estoppel and  Dismissal with Prejudice as an equivalent of a final judgment are not applicable to the facts of this case because the 1983 complaint, and the 1986 Release and Dismissal were only between Western MacArthur Company and Mr. Darden. [ER Tab 42 at 669; 671:25-672:2; ER Tab 45 at 690 ¶1; 691 ¶3; Tab 31 at 543].  *Boecken v. Phillip Morris USA, Inc.* 48 Cal.4th 788 (2010), and other cases defendant cites prohibit a second suit between the same parties on the same cause of action litigated in the prior proceeding that resulted in a final judgment on the merits.  Here, the 1983 litigation and the Trust claim did not involve the same parties because Mr. Darden

did not sue Western Asbestos.  *Id.* at pg. 797.  The dissolved corporation Western

Asbestos did not exist, was not named or alleged as a predecessor in interest in Mr.

Darden's 1983 complaint. [*Kaminski*, supra, 175 Cal.App 3rd at 456-459] [ER Tab

42 at 669].  The 1985 *Kaminski* decision held that Western MacArthur Co. was a

successor-in interest to Western Asbestos Co. but only for purposes of strict

products liability – under the product line successor theory.[*Kaminski*, supra, 175

Cal app 3rd at 456-459.]  As a matter of law, the product-line successor theory

does not apply to "ordinary negligence" liability.  [*Franklin v. USX Corp*., 87

Cal.App.4th 615, 628-629 (2001).]  Therefore, Mr. Darden's pre-1967 negligence

claim against Western asbestos was not litigated and it was not a party to the 1983

complaint or the 1986 release.

> **5.      The Bankruptcy Court Erred in Denying Appellants'
>          Motion for Summary Judgment on the Release And In
>          Granting Appellees' Motion for Summary Judgment As a
>          Matter of Law.**
>
> **(a)      Appellants Produced Evidence Sufficient to Meet Its
>           Burden For Granting Summary Judgment on the
>           1986 Release.**

De novo means review is independent, with no deference given to the trial

court's conclusion. *Barclay v. Mackenzie* (Citations). *In re Deitz* (B.A.P. 9th Cir.

2012) 469 B.R. 11, 16, aff'd (9th Cir. 2014) 760 F.3d 1038.  On cross motions for

summary judgment, a court "evaluate[s] each motion separately, giving the

nonmoving party in each instance the benefit of all reasonable inferences." *ACLU*

*v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006) (internal citations

omitted).  It is well-settled in this circuit and others that the filing of cross-motions

for summary judgment, both parties asserting that there are no uncontested issues

of material fact, does not vitiate the court's responsibility to determine whether

disputed issues of material fact are present. A summary judgment cannot be

granted if a genuine issue as to any material fact exists. *Fair Housing Council of*

*Riverside County, Inc. v. Riverside Two* (9th Cir. 2001) 249 F.3d 1132, 1136.

Litigation releases are contracts. [ER Tab 1 at 13:1].  The 1985 *Kaminski*

decision held that Western MacArthur Co. was the successor-in interest to Western

Asbestos Co. –but only for purposes of strict products liability– under the product-

line successor theory. [*Kaminski,* supra, 175 Cal.App.3d at 456-459.] As a matter

of law, the product-line successor theory does not apply to "ordinary negligence"

liability. [*Franklin v. USC Corp*., (2001) 87 Cal.App.4th 615, 628-629.] Moreover,

as of the date of the 1986 Release that is at issue here, no court held on any other

basis that Western MacArthur Co. was the successor-in interest to the negligence

liability of Western Asbestos Company.  The Court and Appellees agree that

Western Asbestos' corporate history set forth in the *Kaminski* decision is accurate.

[ER Tab 1, at 5:1-5; Tab 6 at 60:3-6.]  The Court also acknowledged that neither

side offered declarations from the contracting parties. [ER Tab 1 at 14:21-22] Mr.

Darden is deceased and Mr. Penrod was not present nor a party to the 1986

agreement.  All the Court has in front of it is the document itself which includes

the vague term "predecessor" in the context of these Western entities, and

*Kaminski* defines what predecessor means between these particular entities.

*Kaminski* is controlling here and tells us that Western MacArthur was a successor

in interest to Western asbestos for strict products liability only. Appellants

established with undisputed material facts that Mr. Darden retained his pre-1967

negligence personal injury claim.  The Court erred in denying Appellants' motion

and granting Appellees' motion regarding the 1986 release.

> **(b)** **Appellees Did Not Produce Evidence Sufficient to Meet Its Burden For Summary Judgment And That There Are No Genuine Disputes as to Any Material Fact Related to the Personal Injury Claim.**

Appellees did not prove their case. Western Asbestos had two assets:

manufacturing facilities and liability insurance policies for the benefit of claimants

against it, including negligence claims.  Western MacArthur purchased the

manufacturing facilities of Western Asbestos, but not the insurance policies.  At

that time, the law would have protected Western MacArthur from any liability that

had been Western Asbestos' but after *Kaminski* it was clear that it had in fact,

acquired the Western Asbestos liability for strict products liability but not for

negligence.  It would be unreasonable, to interpret the 1986 release drafted by

Western MacArthur as including a waiver of liability it did not have, which it

could never have, for which it had no reason to assume the defense of and for

which it had sought to avoid.  Here, contrary to the California Court of Appeals

ruling in *Kaminski, Franklin*, and its progeny, the Court expanded the term

"predecessor" in the 1986 release to include negligence claims against Western

Asbestos.

Appellees tried to show through Mr. Penrod's irrelevant and non-probative

evidence that Western asbestos was meant to be included in the 1986 release for

both negligent and strict products liability.  Appellants have shown that *Kaminski*

and *Franklin* cases hold that strict products liability imposed under the *Alad*

doctrine does not encompass negligence.  Appellees knew about the *Kaminski*

decision before they drafted the 1986 agreement. If they wanted to include Western

Asbestos negligence as well as strict products liability, they could and should have

said so.  They didn't.  The fundamental goal of contractual interpretation is to give

effect to the mutual intention of the parties. (Civ.Code, § 1636.) If contractual

language is clear and explicit, it governs. (*Id*., § 1638.) On the other hand, "[i]f the

terms of a promise are in any respect ambiguous or uncertain, it must be

interpreted in the sense in which the promisor  believed, at the time of making it,

that the promisee understood it." (*Id*., § 1649; see *AIU,* supra, 51 Cal.3d at p. 822.)

*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264–1265.  Further, in

California, whether a contract is ambiguous is a question of law. [*Wolf v. Superior*

*Court* (2004) 114 Cal.App.4th 1343, 1351.] It is well-settled that ambiguities in

written agreements are to be construed against their drafters. [*Sandquist v. Lebo Auto., Inc*. (2016) 1 Cal.5th 233, 376; Cal. Civ. Code §1654. Appellees did not meet their burden and if there is any ambiguity it must be construed against Appellees.[8]

> **6.    Even If the Court Was Correct about the Scope and Effect of the Release on the Merits, the Trust Waited Too Long to Assert its Affirmative Defenses in Response to Appellants' Bankruptcy Claim.**

On July 23, 2020, the Trust filed its answer and asked for declaratory relief regarding the statute limitations it stated, because Mr. Darden died on September 5, 2017, and the statute limitations purportedly would have run on September 4, 2018 [ER Tab 6 at 72:18-73:19:5].  Clearly, the statute of limitations ran out on the Trust long before the Trust filed its counterclaim on July 23, 2020.  On August 13, 2020, Appellants filed their answer and reply to the Trust's counterclaims, and asserted that the Trust's counterclaims, including its indemnification clause and purported causes of action, were barred in whole or in part by the applicable statute of limitations C.C.P. 362 (a):

> if a person against whom an action may be brought on
> the liability of the person, whether arising in contract, tort
> or otherwise, and whether accrued or not accrued, dies
> before the expiration of the applicable limitations period,
> and the cause of action survives, an action may be
> commenced within one year after the date of death, and

---

[8] Appellants have detailed in section 4 above, that Appellee has not proven that Mr. Darden's pre-1967 negligence claim is subject to claim preclusion.

the limitations period that would have been applicable
does not apply. [ER Tab 16 at 168:5-11].

The Court seemed to misunderstand Appellants' defense to the Trust's

potential indemnification counterclaim.  The Court stated:

> "The Dardens do not, for good reason, cite any caselaw
> in support of their statute of limitations, defense because
> § 366.2 only applies to claims seeking to collect on a
> "debt of the decedent." See, *Stoltenberg v. Newman*, 179
> Cal.App.4th 287 (2009)". [ER Tab 1 at 18:17-19:6].

 Appellants cited the correct statute, and the statute is clear on its face; and it is

asserted to bar the Trust's potential indemnification counterclaim.

### The September 13, 2021 Memorandum of Decision

**C.   Although the Bankruptcy Court Correctly Held That the 1986
Release Did Not Affect the Wrongful Death Claims, it Incorrectly
Denied Appellants' Motion For Summary Judgment and
Incorrectly Granted the Trust's Motion for Summary Judgment
by Misinterpreting the Western Asbestos Settlement Trust's
Governing Documents.**

**(a)   Appellants' Wrongful Death Claim Was Either
Waived or Not Waived – It Cannot Be Both.**

The September 13, 2021 Decision correctly granted the Darden's motion for

summary judgment in part, that the Release did not terminate Appellants' wrongful

death claims. [ER Tab 2 at 36:26-37:1]  The Court then erred by holding: While

> While the Dardens' wrongful death claims were not
> affected by the Release, they cannot be asserted against
> the Trust. The undisputed facts demonstrate that the Trust

> simply was not constructed to compensate wrongful
> death claims such as those created by Cal. Code Civ.
> Proc. § 377.60, which are untethered to any asbestos
> induced disease.  [ER Tab 2 at 37:3-6]

The Court's ruling is inconsistent and contradictory.  The Court's August 5, 2021 Decision held that Mr. Darden waived *all* of his asbestos-related claims against the Trust in the 1986 release.[ER Tab 1 at 15:26-27].  However, in the September 13, 2021 Decision the Court says the release did not terminate the Darden's individual wrongful death claims and relies on *Eriksson v. Nunnink*, 233 Cal.App.4th 708, 724, (2015) that "The power to release a wrongful death cause of action on behalf of an heir thus belongs to the heir, not the decedent. [ER Tab 2 at 36:6-8; 36:24-25]. If the Court's ruling is that Mr. Darden waived his wrongful death claim then the Court's ruling is flawed and inconsistent.  The Court granted Appellants' motion for summary judgment on this issue, so the statement "that Mr. Darden settled and released his wrongful death claim in 1986," is not only inconsistent but in fact rejected by the Court.[9]  In California, "the longstanding rule is that a wrongful death action is a separate and distinct right belonging to the heirs, and it does not arise until the death of the decedent." [*Madison v. Superior Court* (1988) 203 Cal.App.3d 589, 596 citing *Earley v. Pacific Electric Ry. Co.*

---

[9] Section 5.8 (b) does not apply to the Darden's wrongful death claims on its face, because Edward--the claimant--did not hold a pre-Trust personal injury default judgment.  Instead he settled and released his wrongful death claim in 1986.  [ER Tab 2 at 32:2-4]

(1917) 176 Cal. 79.]  Mr. Darden never possessed a wrongful death claim.  Further the wrongful death claim accrued upon his death and only belonged to his heirs.

Under California law, Mr. Darden lacked the legal capacity to release Mr. Darden's future heirs' wrongful death claims. Further, "Because a wrongful death claim is not derivative of the decedent's claims, an agreement by the decedent to release or waive liability for her death does not bar a subsequent wrongful death cause of action by her heirs." *Hass v. Rhody Co Productions* 26 Cal.App.5th 11, 25, (2018).  It has long been the law in California, that "[a]n action for wrongful death is wholly distinct from an action by the decedent, in his lifetime, for the injuries which ultimately cause his death [citation] *Castaneda v. Department of Corrections & Rehabilitation* 212 Cal.App.4th 1051, 1063, (2013)  Courts do not construe statutes in isolation, but rather read every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness. Courts must also consider the object to be achieved and the evil to be prevented by the legislation. *Horwich v. Superior Court* 21 Cal.4th 272, 273–274 (1999). Nor can a decedent release a claim on behalf of his or her heirs in settlement with the defendant. (Citations.) *Ibid.* at 283–284.

"Our interpretation of the statute's meaning must be guided by the mandate of Code of Civil Procedure section 4, which provides that interpreters of the Code of Civil Procedure must construe each provision of the Code of Civil Procedure

"liberally" and with "a view to effect its objects and promote justice." (Citations)
*Hurtado v. Superior Court* 11 Cal.3d 574, 584 (1974). The Court erred in
concluding that Mr. Darden's 1986 personal injury release precludes the heirs from
seeking damages against the Trust for their decedent's death.

> **(b)     The Court Misinterprets the Trust Documents in
> Concluding the Trust Was Not Constructed to
> Compensate Appellants C.C.P. §377.60 Claim.**

The Trust Settlement Agreement provides,…for the complete treatment of
all liabilities and obligations of the Debtors with respect to Asbestos Related
Claims. [ER Tab 46 at 694].  "The purpose of the Trust is to assume the liabilities
of each Debtor… arising from or related to Asbestos Related Claims and to use the
Trust assets and income to pay holders of allowed Asbestos Related Claims in
accordance with the Trust agreement in such a way that all holders of similar
allowed Asbestos Related claims are treated in a substantially equivalent
manner..." [*Id.* at 694]. It is more than a "goal" it is an obligation imposed by the
Trust agreement to pay *all* Asbestos Related Claims as long as one has a person
with compensable injuries. Appellants' decedent has a compensable injury.[ER
Tab 2 at 28:7-29:1]

> **(c)    Appellants met their burden for summary judgment, but the Court erred in granting the Trust's motion, concluding that the Trust's documents do not authorize the Trust to compensate the Darden heirs' wrongful death claims.**

Confirmed chapter 11 plans are construed as contracts in the manner of consent decrees, which have elements of both judgment and contract. (Citations Omitted)  *In re Patel* (Bankr. E.D. Cal. 2020) 621 B.R. 245, 251.  As the Plan was drafted and proposed by the Debtors, then presented to the Asbestos Creditors Committee and the Future Claims Representative who did not represent Mr. Darden, the ambiguity should be resolved against them.  *In re Patel* (Bankr. E.D. Cal. 2020) 621 B.R. 245, 252.

The Dardens' wrongful death claims are contemplated for in the plan.  The Trust fail to justify Summary Judgment on the Dardens' Complaint and Defenses to counterclaims.  The Court approved the Plan and the Plan is the controlling document.  [ER Tab 78 at 889-891] In this instance, the Court misinterprets the Plan. The Darden's wrongful death claims are accounted for in the Trust's governing documents as the Trust definition of the term "Asbestos Related Claim" broadly encompasses (a) all manner and type of claim, demand, or lawsuit against any Asbestos Debtor whenever and wherever such may arise or be asserted or could have been brought. [ER Tab 26 at 456:19-26]  And, "Personal Injury" means physical, emotional, bodily or other personal injury, sickness, disease, **death**,

whether or not diagnosable or manifested before the Confirmation Date or the

close of the Reorganization Cases.  [Id. at 457:25-28]

There is nothing in the trust documents that precludes a wrongful death

claim.  There is a lot of innuendo about discussions before the trust was confirmed

but once a trust is confirmed the plan documents control the Trust.

> **(d)** **The Trust Did Not Produce Evidence Sufficient to Meet its Burden That There Are No Genuine Disputes as to Any Material Fact Related to the Wrongful Death Claim.**

The movant has both the initial burden of production and the ultimate

burden of persuasion on their summary judgment motion. *Nissan Fire & Marine,*

*Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000).  The Trust

has the same burden to prove that the undisputed facts can only favor the moving

party.  Here we are all looking at the same undisputed material facts, the trust

governing documents.  The goal of the plan as listed above which indicates the

plan's purpose was to resolve all liabilities of Western Asbestos, Western

MacArthur Co. and MacArthur Company.  The plan does not state that there are

any types of asbestos related liabilities that have already been resolved or explicitly

excluded at the plan confirmation – including Western Asbestos pre-1967

negligence. The Plan absorbed ALL potential Western Asbestos liabilities and

ALL its remaining insurance coverage; were it otherwise it would have had to

create a sub-fund or separate Trust, reserving some of that coverage for

unprotected creditors or a 11 U.S.C. § 524 (g) plan could not have been confirmed. Appellees and the Bankruptcy Court took the opposite view but they are wrong.

## VII.   CONCLUSION

The Appellants respectfully request that the Bankruptcy Court's August 5, 2021 Decision be reversed, and the matter be remanded for entry of a different judgment in favor of the Appellants.

Further, the Appellants respectfully request that the Bankruptcy Court's September 13, 2021 Decision, granted, in part, to the Trust, be remanded for entry of a different judgment, in favor of the Appellants.

DATED:  January 13, 2022        KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation

By: _____
            Petra DeJesus
            Counsel for Appellants

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.     This document complies with Fed. R. Bankr. P. 8016(d)(2) and

8015(h) and uses Times New Roman font and has no more than 13,000 words.

This document contains 10,933 words.

_____          Date:  January 13, 2022_____

Petra DeJesus
Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Counsel for Appellants

## CERTIFICATE OF SERVICE

***Marvie Darden, et al. v. Western Asbestos Settlement Trust***
Case No. 21-cv-06558-EJD
Bankruptcy Case No. 13-31914, Chapter 11
Adv. No. 20-03026

## STATE OF CALIFORNIA, COUNTY OF ALAMEDA

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Alameda, State of California.  My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, CA 94607.

On January 13, 2022, I served true copies of the following document(s) described as:

### APPELLANTS' OPENING BRIEF

### APPENDICES:  INDEX VOLUME AND VOLUMES 1 THROUGH 8

on the interested parties in the within action as follows:

### SEE NEF/ECF LIST OF COUNSEL

**BY NEF/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the documents with the Clerk of the Court by using the NEF/ECF system.  Participants in the case who are registered NEF/ECF users will be served by the NEF/ECF system.  Participants in the case who are not registered NEF/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2022, at Oakland, California.

_____
Heather M. Ehmke

# ADDENDUM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU v. City of Las Vegas*,
  466 F.3d 784 (9th Cir. 2006) ................................................................47

*In re Bamber*
  (9th Cir. 1977) 131 F.3d 788 ..............................................................18

*Bank of the West v. Superior Court*
  (1992) 2 Cal.4th 1254 .........................................................................50

*Barclay v. Mackenzie*
  525 F.3d 700 (9th Cir. 2008) ..............................................................47

*In re Blendheim*,
  803 F.3d at 489 ...................................................................................17

*Boecken v. Phillip Morris USA, Inc.*
  48 Cal.4th 788 (2010) ...................................................................46, 47

*Casa Herrera, Inc. v. Beydoun*
  (2004) 32 Cal.4th 336 .........................................................................44

*Castaneda v. Department of Corrections & Rehabilitation*
  212 Cal.App.4th 1051 (2013) .............................................................54

*Cerritos Valley Bank v. Stirling*
  (2000) 81 Cal.App.4th 1108 ...............................................................45

*In re Deitz*
  (B.A.P. 9th Cir. 2012) 469 B.R. 11, aff'd (9th Cir. 2014) 760 F.3d
  1038......................................................................................................47

*Erie Railroad v. Tompkins*,
  304 U.S. 64 (1938)..............................................................................42

*Eriksson v. Nunnink*,
  233 Cal.App.4th 708 (2015) ...............................................................53

*Executive Benefits Insurance Agency v. Peter H. Arkison*,
573 U.S. 25 ..................................................................................................18, 39

*Fair Housing Council of Riverside County, Inc. v. Riverside Two*
(9th Cir. 2001) 249 F.3d 1132 ...........................................................................48

*Franklin v. USX Corp.*
(2001) 87 Cal.App.4th 615 ..........................................................................*passim*

*In re Gary Brew Enterprises LTD.*,
198 B.R. 616 (1996) ..........................................................................................38

*In re Gary Brew Enterprises Ltd.*,
198 BR 616 (1996) ............................................................................................38

*Hass v. RhodyCo Productions*,
26 Cal.App.5th 11 (2018) ....................................................................13, 30, 54

*Horwich v. Superior Court*
21 Cal.4th 272 (1999) .......................................................................................54

*Hurtado v. Superior Court*
11 Cal.3d 574 (1974) .........................................................................................55

*Jones v. Union Pacific R.R. Co.*,
968 F.2d 937 (9th Cir. 1992) .............................................................................17

*Kaminski v. Western MacArthur Co.*
(1985) 175 Cal.App.3d 445 .................................................................12, 40, 48

*Kaminski v. Western MacArthur Co.*
(1985) 175 Cal. App. 3rd 445, 451-453......................................................*passim*

*Kaminski v. Western MacArthur Company*,
175 Cal. App. 3rd (1985) .............................................................................30, 47

*In re Lane*
(9th Cir. BAP 2018) 589 BR 399 ......................................................................17

*Madison v. Superior Court*
(1988) 203 Cal.App.3d 589 ...............................................................................53

*In re Martin*
  (9th Cir. BAP 2015) 542 BR 479 ......................................................17

*Neverkovec v Fredericks*
  74 Cal.App.4th 337 (1999) ...........................................................45

*Nissan Fire & Marine, Ins. Co., Ltd. v. Fritz Cos., Inc.*,
  210 F.3d 1099 (9th Cir. 2000) .......................................................57

*In re Patel*
  (Bankr. E.D. Cal. 2020) 621 B.R. 245...........................................56

*Ray v. Alad Corporation*
  (1977) 19 Cal.3d 22 .......................................................21, 42, 43, 50

*Ritzen Group, Inc. v. Jackson Masonry, LLC*,
  140 S.Ct. 582 (2020)....................................................................10

*Samson v. W. Capital Partners, LLC (In re Blixseth)*,
  684 F.3d 865 (9th Cir.2012) (per curiam) .......................................17

*Sandquist v. Lebo Auto., Inc*.
  (2016) 1 Cal.5th 233 .....................................................................51

*State of Alaska v. Babbitt*,
  38 F.3d 1068 (9th Cir.1994) ..........................................................18

*Stern v. Marshall*
  564 U.S. 462 (2011)...........................................................16, 36, 37

*In re Thorson*
  195 BR 101 (9th Cir. BAP 1996) ...................................................17

*In re Thorson*,
  195 B.R. 101 (B.A.P. 9th Cir. 1996) ..............................................17

*Ulrich v. Schian Walker, P.L.C. (In re Boates)*,
  551 B.R. 428 (9th Cir. BAP 2016) .................................................17

*Wagner v. Columbia Pictures Indus Inc*.
  (2007) 146 Cal.App.4th 586 ..........................................................45

*Wolf v. Superior Court*
  (2004) 114 Cal.App.4th 1343 ...............................................................................50

**Statutes**

28 U.S.C.A. § 1652 ...............................................................................................42

11 U.S.C. § 524(g) ........................................................................................*passim*

28 U.S.C. § 157 ..............................................................................................9, 16

28 U.S.C. § 157(a) ...................................................................................................9

28 U.S.C. § 157(b)(2)(B) .......................................................................................38

28 U.S.C. § 157(b)(2)(O) .......................................................................................38

28 U.S.C. § 157(c)(1) .............................................................................................18

28 U.S.C. § 158(a) .................................................................................................10

28 U.S.C. § 158(a)(1) ..............................................................................................9

28 U.S.C. § 1291 ...................................................................................................10

28 U.S.C. § 1334 .....................................................................................................9

28 U.S.C. §1334(a) ..................................................................................................9

28 U.S.C. §1334(b) ..................................................................................................9

28 U.S.C. § 1334(B) ..............................................................................................36

Bankruptcy Act of 1984 ........................................................................................36

Bankruptcy Code §524(g)(2)(B)(ii)(V) ................................................................37

Cal. Code Civ. Proc. § 4 ..................................................................................51, 54

Cal. Code Civ. Proc. § 362(a) ...............................................................................51

Cal. Code Civ. Proc. § 366.2 ................................................................................29

Cal. Code Civ. Proc. §377.11, et seq. ...................................................................11

Cal. Code Civ. Proc. § 377.30 ................................................................16

Cal. Code Civ. Proc. §377.60 ...........................................15, 16, 35, 55

Cal. Code Civ. Proc. §377.60, et seq. ...........................................11, 16

Cal. Code Civ. Proc. § 1856 ..................................................................45

Cal. Civ. Code § 1625 .............................................................................45

Cal. Civ.Code, § 1636 ............................................................................50

Cal. Civ. Code § 1638 ............................................................................50

Cal. Civ. Code § 1649 ............................................................................50

Cal. Civ. Code § 1654 ............................................................................51

United States Code Title 11 ..........................................................9, 18, 38

## Other Authorities

Bankruptcy Local Rule 7008-1 .......................................................19, 38

Federal Rules of Bankruptcy Procedure, §7056 ....................................9

Federal Rules of Bankruptcy Procedure, § 7056 (f) ............................32

Federal Rules of Bankruptcy Procedure, § 8002 (a)(1) ......................10

Federal Rules of Bankruptcy Procedure, § 8018.1 ..............................39

U.S. Constitution Article III.......................................................9, 36, 37

United States Constitution Article I Section 8, Clause 4......................41

_____     Date:  __January 13, 2022_____
Petra DeJesus
Kazan, McClain, Satterley & Greenwood
A Professional Law Corporation
Counsel for Appellants