# 5:21-cv-06558-EJD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

---

MARVIE DARDEN, *Individually and as Successor in Interest to Eddie Darden*, CHRISTOPHER DARDEN, DEBORA DARDEN, LAWRENCE DARDEN, ROSALIND DARDEN KEETON, ANITA GARDYNE, and ANGELA NEWSOME

                              Appellants

v.

WESTERN ASBESTOS SETTLEMENT TRUST, JOHN F. LUIKART AND SANDRA R. HERNANDEZ, M.D., *Trustees of the Western Asbestos Settlement Trust*

                              Appellees

---

On Appeal from the United States Bankruptcy Court for the
Northern District of California (San Francisco Division)
Bankruptcy Court Case No.13-31914, Chapter 11
Adversary Case No. 20-03026

---

## APPELLEES' REPLY BRIEF

---

GARY S. FERGUS (SBN 095318)
FERGUS, A LAW OFFICE
535 Mission Street, 14th Floor
San Francisco, California 94105
Telephone: (415) 537-9032
Facsimile:  (415) 537-9038
Email: gfergus@ferguslegal.com

Beth Ann R. Young (SBN 143945)
Eve H. Karasik (State Bar No. 155356)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: ehk@lnbyg.com, bry@lnbyg.com

*Attorneys for Appellees, the Western Asbestos Settlement Trust and Co-Trustee John F. Luikart and Co-Trustee Sandra R. Hernandez, M.D.*

## Table of Contents

I. Appellants Fail to Address the Merits of Appellees' Protective Cross Appeal ............................................................................................................................1

II. Appellants Have Waived Any Objections or Oppositions to the Provisional Relief Sought by Appellees in Their Protective Cross-Appeal........................1

III. Appellees' Third and Fourth Counterclaims Must Be Reinstated for Consideration on the Merits by the Bankruptcy Court In the Event this Court Reverses or Remands the Judgment with Respect to Appellants' Wrongful Death Claims ....................................................................................................2

CONCLUSION STATING RELIEF SOUGHT....................................................2

Certification of Compliance with Rule 8016(d)(2) ..................................................3

# Table of Authorities

Page(s)

Federal Cases

*Independent Towers of Washington v. Washington*,
   350 F.3d 925 (9th Cir. 2003) ............................................................................................... 1

*Ruiz –Diaz v. U.S.*,
   618 F.3d 1055 (9th Cir. 2010) .............................................................................................. 2

*Sekiya v. Gates*,
   508 F. 3d 1198 (9th Cir. 2007) ............................................................................................. 1

Federal Rules

Fed. R. Bankr. P. Rules 8016(d)(2) and 8015(g) and (h) ......................................... 3

### I. Appellants Fail to Address the Merits of Appellees' Protective Cross Appeal

Appellees' protective cross-appeal is limited to the circumstances in which this Court either reverses or remands the Judgment entered by the Bankruptcy Court with respect to Appellants' wrongful death claims. Appellees' Opening Brief [Dkt. 14] p. 53  Appellants' response does not address this circumstance, but instead focuses solely on the state of the record right now where they assert "there is no current 'case or controversy' sufficient to confer jurisdiction on any court at this time." Appellants' Response and Reply Brief [Dkt. 15] p. 39-40  By failing to cite any authority or make any argument in opposition to Appellees' protective cross-appeal, Appellants have waived any objection or opposition to the relief requested by Appellees on their cross-appeal.

### II. Appellants Have Waived Any Objections or Oppositions to the Provisional Relief Sought by Appellees in Their Protective Cross-Appeal

In *Independent Towers of Washington v. Washington,* 350 F.3d 925 (9th Cir. 2003), the Court articulated the principle that the Court "cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Id.* at 929.  The same principle applies here where Appellants failed to address in their responsive brief the issue Appellees presented and argued with supporting authority in their protective cross-appeal.  As the Court stated in *International Towers of Washington* "we have held firm against considering arguments that are not briefed." *Id.*  See also *Sekiya v. Gates,* 508 F. 3d 1198, 1200 (9th Cir. 2007)(brief must provide argument containing appellant's contentions and the reasons for them).

1

### III. Appellees' Third and Fourth Counterclaims Must Be Reinstated for Consideration on the Merits by the Bankruptcy Court In the Event this Court Reverses or Remands the Judgment with Respect to Appellants' Wrongful Death Claims

As the Court found in *Ruiz –Diaz v. U.S.,* 618 F.3d 1055, 1062 (9th Cir. 2010) cited in Appellees' Opening Brief [Dkt. 14] p. 53, a reversal revives claims not considered below because of mootness. The same result should occur here.

### CONCLUSION STATING RELIEF SOUGHT

In the event this Court reverses or remands the Judgment with respect to Appellants' wrongful death claims, then Appellees request that this Court reverse the dismissal without prejudice of Appellees' Third and Fourth Counterclaims and reinstate those Counterclaims to be heard on the merits.

Dated:  March 28, 2022          Fergus, A Law Office

By:   /s/ Gary S. Fergus

Gary S. Fergus (Calif. Bar No. 95318)
535 Mission Street, 14th Floor
San Francisco, CA  94105
Telephone:  (415) 537-9032
Facsimile:  (415) 537-9038

Beth Ann R. Young (SBN 143945)
Eve H. Karasik (State Bar No. 155356)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: ehk@lnbyg.com;
bry@lnbyg.com

*Attorneys for Appellees, the Western Asbestos Settlement Trust and Co-Trustee John F. Luikart and Co-Trustee Sandra R. Hernandez, M.D.*

## Certification of Compliance with Rule 8016(d)(2)

This document complies with Fed. R. Bankr. P. Rules 8016(d)(2) and 8015(g) and (h).  The document uses Microsoft Word Times New Roman 14 pt. font and has 391 words which is no more than 6,500 words.

Dated:  March 28, 2022					Fergus, A Law Office

							By:   /s/ Gary S. Fergus

								Gary S. Fergus (Calif. Bar No. 95318)
								535 Mission Street, 14th Floor
								San Francisco, CA  94105
								Telephone:  (415) 537-9032
								Facsimile:   (415) 537-9038

## PROOF OF SERVICE

I, Gary S. Fergus, declare:

I am and was at the time of the service mentioned in this declaration, practicing as an attorney in the County of San Francisco, California. I am over the age of 18 years, and not a party to this cause. My business address is Fergus, a law office, 535 Mission Street, 14th Floor, San Francisco, California 94105.

On, March 28, 2022 I caused service of a copy of the attached **APPELLEES' REPLY BRIEF** on the parties to this action as follows:

BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Pursuant to the Court's Local Rules, the foregoing document will be served by the Court via NEF and hyperlink to the document. On March 28, 2022, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Michael Stewart | mstewart@kazanlaw.com |
| --- | --- |
| Eve H Karasik | ehk@lnbyg.com |
| Beth Young | bry@lnbyg.com |

The Parties stipulated that instead of manual service of Petra DeJesus, co-counsel for Appellants, she would accept ECF service through her co-counsel Michael Stewart.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 28, 2022                          /s/Gary S. Fergus
                                                                Gary S. Fergus